NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JO-ED TRUCKING, INC. and 3PL CENTER, LLC,<br><br>Defendants. | Civil Action No. 24-10132 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Strike Defendants' Answer and Affirmative Defenses and Counterclaim (ECF No. 11, "Pl. Mot."), filed by Plaintiff Federal Express Corporation ("Plaintiff" or "FedEx").[1] Defendants Jo-Ed Trucking, Inc. ("Jo-Ed") and 3PL Center, LLC ("3PL") (collectively "Defendants"), filed a brief in opposition and Cross-Motion to Vacate Default.[2] (ECF No. 15-1, "Def. Opp.") Plaintiff subsequently filed a Reply. (ECF No. 17, "Pl. Rep.") The Court has considered Plaintiff's Motion and Defendants' Cross-Motion and accompanying submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **DENIED**. Defendants' Cross-Motion is **GRANTED**.

---

[1] This Motion also sought reimbursement for the expenses and fees associated with Defendants' refusal to waive service pursuant to Federal Rule of Civil Procedure 4(d)(2).

[2] At the outset, the Court notes that each of the Motions filed in this case easily could have—and should have—been resolved between the parties with open communication and cooperation. Defendants' less-than-optimal communication regarding its retention of counsel, and Plaintiff's opportunistic attempt to seize on a deadline Defendants missed by only a few days, will not aid in the swift and efficient resolution of the present dispute.

I.    **BACKGROUND**

Defendants are in the business of shipping logistics and operations. Retailers and wholesalers across the country hire Defendants to store, pack, and ship goods to their customers. (Def. Opp. at 1.) Although Defendants own and operate the warehouses which serve as fulfillment centers for their clients, Defendants contract with third-party carriers, including Plaintiff FedEx, to take products from the fulfillment center and deliver those products to customers. (*Id.*) In 2011, 3PL entered into an agreement with FedEx "wherein FedEx agreed to ship products at an agreed rate." (*Id.*) During this time, "FedEx became 3PL's carrier for almost all 3PL shipments." (*Id.*)

According to Defendants, FedEx wrote a letter to 3PL in March 2024, informing them, without warning, that FedEx would be terminating the contract between the two parties. (Def. Opp. at 1.) On June 13, 2024, 3PL sued FedEx for breach of contract and other related claims in New Jersey Superior Court. (*See* ECF No. 11-2.) FedEx removed that case to federal court on July 9, 2024. *See 3PL Ctr., LLC v. FedEx Corp.*, No. 24-7633 (D.N.J. 2024). Just six weeks into the litigation process, 3PL and FedEx entered into a confidential settlement agreement (the "Settlement Agreement"), which, according to Plaintiff, "set forth the parameters for winding down the business relationship." (Pl. Mot. at 2.) Among other terms which have not been disclosed to this Court, Plaintiff alleges that the parties agreed that Defendants would provide a $150,000 deposit to FedEx, remit payment sufficient to keep their outstanding balance with FedEx below $450,000, and end the business relationship by September 30, 2024. (*Id.* at 2–3.)

Now, FedEx brings suit against Defendants for breaching the Settlement Agreement. Plaintiff alleges that within days after the agreement was executed "Defendants exceeded the $450,000 cap and had a total balance in excess of $1.4 million." (*Id.* at 3; ECF No. 1 ¶ 8.)

FedEx filed the operative Complaint on October 29, 2024. (ECF No. 1.) The next day, Plaintiff's counsel contacted attorney Jeffrey P. Resnick, who Plaintiff understood at the time to be counsel for Defendants. (ECF No. 11-2 at 21.) Plaintiff's counsel requested that Mr. Resnick "accept[] service of the attached Complaint on behalf of [his] clients," and attached two copies of form AO 399, "Waiver of the Service of Summons," one for each of the Defendants. (*Id.* at 22–23.) The following day, on October 31, Resnick replied, "I will confirm with my client that I am permitted to accept service and get back to you." (*Id.* at 25.) Later that afternoon, Resnick emailed again, saying, "I do not have authority from either defendant to accept service of the Complaint." (*Id.* at 28.) Since Defendants did not agree to waive service via email, Plaintiff hired professional servers to serve both Defendants: Jo-Ed was served on October 31 (ECF No. 4), and 3PL was served on November 4, (ECF No. 5). Accordingly, pursuant to Rule 12(a), Jo-Ed's response to the Complaint was due on November 21, and 3PL's response was due on November 25.

On December 2, FedEx requested that the Clerk enter default against the Defendants because neither Defendant had filed an Answer or otherwise replied to the Complaint. (ECF No. 6.) The Clerk entered default against both parties the following day, December 3, 2024. (*See* Docket Entry dated December 3, 2024.) One day later, Defendants filed an Answer to Plaintiff's Complaint, and asserted counterclaims of Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Tortious Interference with Contracts, and Fraud. (*See* ECF No. 8.)

Plaintiff filed the now-pending Motion to Strike because Defendants filed their Answer after the Clerk had already entered default against them. (Pl. Mot. at 5.) Additionally, Plaintiff has moved to strike Defendants' counterclaims as "redundant, immaterial, impertinent, or scandalous" because Defendants "released FedEx from liability on the Counterclaims in the [settlement] agreement." (*Id.* at 11 (quoting Fed. R. Civ. P. 12(f).) Finally, Plaintiff moves to recover expenses

and fees "associated with Defendants' refusal to waive service." (*Id.* at 13 (citing Fed. R. Civ. P. 4(d)(2).) Defendants, in response, oppose Plaintiff's two motions and filed a cross-motion to vacate the default entered against them. (*See* Def. Opp. at 5–10.)

## II. DISCUSSION

There are essentially three motions pending before the Court: (1) Defendants' Motion to Vacate the Entry of Default (pursuant to Rule 55(c)); (2) Plaintiff's Motion to Strike Defendants' Answer and Counterclaims (pursuant to Rule 12(f)); and (3) Plaintiff's Motion for "Reimbursement of Expenses and Fees Associated with Defendants' Refusal to Waive Service" (pursuant to Rule 4(d)(2)). The first two Motions are intertwined. If the Court vacates the default, then there is no basis to strike the Answer in its entirety. If the Court does not vacate the default, then Defendants are not permitted to Answer in the first instance. Therefore, the Court first decides those two motions, and then proceeds to Plaintiff's reimbursement Motion.

### A. MOTION TO VACATE

Defendants request that the Court vacate the default entered against them. (*See* Def. Mot. at 5–8.)[3] A district court may set aside a clerk's entry of default "for good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default "is left primarily to the discretion of the district court." *Bailey v. United Airlines*, 379 F.3d 194, 204 (3d Cir. 2002) (quotation omitted). Nonetheless, courts are required to consider three factors when determining whether such a request is warranted: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a

---

[3] Plaintiff asserts that Defendants filed an Answer without filing a motion to vacate the clerk's entry of default, which should itself require the Court to strike Defendants' Answer in its entirety. (Pl. Rep. at 11–12.) However, "the filing of a late answer is analogous to a motion to vacate a default because the party filing the late answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had moved under Rule 55(c) to set it aside." *United States Small Bus. Admin. ex rel. Penny Lane Partners v. Stefansky*, No. 08-1967, 2009 WL 1372410, at *2 (D.N.J. May 15, 2009) (cleaned up). The Court therefore appropriately considers the Motion to Vacate as set forth in Defendants' opposition (*see* ECF No. 15), as well as the allegations set forth in the Answer.

meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Any doubt "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).

First, Plaintiff will not be prejudiced if the Court vacates the entry of default. "Prejudice may be shown if, in the time elapsed from entry of default, the non-defaulting party's ability to pursue his claim has been hindered. *Engie Power & Gas LLC v. Adorama New* Jersey, No. 24-6480, 2024 WL 4818772, at * 2 (D.N.J. Nov. 18, 2024) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)) (listing "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [default] judgment as possible factors supporting a finding of prejudice)). Here, Defendants filed their Answer approximately one week after it was due, and only one day after the Clerk's entry of default against them. *See, e.g.*, *Engie Power & Gas LLC*, 2024 WL 4818772, at *2 ("Plaintiff's ability to pursue its contractual claims for Defendant's alleged nonpayment under the Service Agreement has not been meaningfully hindered by the two-and-a-half months between entry of default and this motion to vacate."); *F.C. Intrieri Const. Co., Inc. v. Patel*, No. 12-361, 2012 WL 2052682, at *1 (M.D. Pa. June 7, 2012) (finding no prejudice when Defendants moved to set aside default two days after default was entered). Plaintiff has not advanced any argument that its "ability to pursue [its] claim has been hindered," especially because this case is still in the earliest phases of litigation—discovery has not yet begun. *See Brink v. Bormann*, No. 23-497, 2024 WL 3159433, at *5 (D.N.J. June 25, 2024) (noting that defendants' eight-day delay "is rarely sufficiently prejudicial to prevent setting aside a default, especially at this early stage in the litigation"). Instead, Plaintiff construes Defendants'

5

untimely answer as "continued efforts to evade the inevitable judgment against them," thereby causing prejudice. (*See* Pl. Rep. at 8.) The Court is unpersuaded by this contention.

Next, Defendants have advanced a meritorious defense that Plaintiff has interfered with their ability to perform under the Settlement Agreement. At this juncture, Defendants need not prove their case, but must only "set forth with some specificity the grounds for [their] defense." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 141 (3d Cir. 2017). Plaintiff asserts that Defendants have not put forth a meritorious defense because their "purported defense is a total fabrication that FedEx—not Defendants—breached the Settlement Agreement, and therefore caused damage to Defendants, not the other way around." (Pl. Rep. at 6.) This contention, however, that Defendants fabricated their defense, is the very type of argument that would be properly before the Court at a later stage of litigation, once parties have had the opportunity to exchange discovery and marshal the relevant evidence.

Here, on a motion to vacate default, "the court takes the Defendant's mere allegations as true." *See 1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr., Inc.*, No. 15-309, 2015 WL 3649031, at *2 (D.N.J. June 11, 2015) (citing *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Taken at face value, Defendants allege in their Answer that FedEx breached the Settlement Agreement by refusing payments by Defendants, and thus interfered with Defendants' ability to comply with the contract. (*See* ECF No. 8 ¶ 61–65.) The Court is "not required to decide the specific legal and factual issues raised" by the parties with respect to this defense, but merely must find, at this juncture, that the asserted defense is not "'facially unmeritorious.'" *See United Linen Wholesale, L.L.C. v Nw. Co.*, No. 06-5934, 2007 WL 2156353, at *4 (D.N.J. July 26, 2007) (quoting *Emasco Ins. Co.*, 834 F.2d at 74).

Lastly, the Court finds that Defendants' failure to timely file an answer was not the result of Defendants' culpable conduct. "In this context[,] culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.3d 120 123–24 (3d Cir. 1983). Plaintiff argues that Defendants' conduct was clearly "willful" or "in bad faith" because Defendants' counsel refused to accept service when Plaintiff's counsel contacted them in October 2024. (Pl. Mot. at 9.) Here, Plaintiff conflates the two distinct issues—there is no indication that Defendants' conduct in failing to file an answer on time is in any way related to their alleged failure to waive service of process. Instead, as Defendants explain, the late answer was the result of "a miscommunication between defendants and their counsel." (Def. Opp. at 8.) And, as Jeffrey Resnick avers in his declaration, there was a further "miscommunication as to when the defendants were served which resulted in the Answer and Counterclaim being filed untimely . . . ." (ECF No. 15-2 ¶ 23.) These explanations do not absolve Defendants of the requirement to heed court-mandated deadlines, but imposing a "form over substance" remedy as sought by Plaintiff, is both draconian and would constitute an abuse of the Court's discretion. The Court concludes that Defendants' failure to timely respond to the Complaint "was the result of miscommunication and ignorance, not bad faith or strategy." *Wingate Inns Int'l, Inc. v. P.G.S., LLC*, No. 09-6198, at *4 (D.N.J. Jan. 26, 2011).

Accordingly, Defendants' Motion to Vacate the Entry of Default is **GRANTED.**

### B. Motion to Strike

Plaintiff seeks this Court to strike Defendants' Answer in its entirety because it was untimely filed, after the Clerk had already entered default against Defendants.[4] (Pl. Mot. at 11.)

---

[4] The Court views Plaintiff's Motion to Strike as borderline frivolous. Not only did Defendants file their Answer a mere one week after the due date and a single day after default was entered by the Clerk, but, as stated above at footnote 2, this Motion could have and should have been avoided through communication and cooperation between professional legal counsel.

Because the Court grants Defendants' Motion to Vacate, any attempt to strike the entire Answer on default grounds is moot.

In the alternative, Plaintiff requests that the Court strike only Defendants' four counterclaims pursuant to Rule 12(f).[5] Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). "Motions to strike are highly disfavored. Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice." *Eisai Co., Ltd. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009) (cleaned up). "Under the strict standard of Rule 12(f), only allegations that are so unrelated to [a party's] claims as to be unworthy of any consideration should be stricken." *Id.* (cleaned up). "A court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" *See Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986), *rev'd on other grounds*, 505 U.S. 504, 112 (1992). Plaintiff argues that the Court should "summarily dismiss Defendants' counterclaims to hasten this litigation by eliminating the need for unnecessary discovery which would serve only to confuse the issues." (Pl. Mot. at 12.) Defendants respond that the counterclaims "seek[] relief that is different from the [p]revious [l]itigation" and is instead focused on FedEx's interference with Defendants' ability to satisfy the terms of the Settlement Agreement. (*See* Def. Opp. at 10.)

There is no basis to strike any of Defendants' counterclaims. The counterclaims are not "so unrelated" to the broader claims—they relate to the same series of transactions, the same Settlement Agreement, and the same parties as Plaintiff's claims asserted in the Complaint. The counterclaims and related allegations, when properly construed in favor of the Defendants as non-moving parties, *see Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 363, 356 (D. Del.

---

[5] Other than as part of its requested relief to strike Defendants' Answer in its entirety, Plaintiff does not seek to independently strike the Affirmative Defenses.

2009), establish a series of defenses against Plaintiff, namely that Plaintiff breached the terms of the Settlement Agreement and interfered with Defendants' ability to properly comply with it. (*See* ECF No. 8 ¶¶ 66–86.) Of course, Defendants' counterclaims may very well turn out to be meritless after discovery has concluded, but to grant Plaintiff's motion at this early stage of litigation might "involve a premature evaluation of a defense's merits." *See United States v. Sensient Colors, Inc.*, 580 F. Supp. 2d 369, 374 (D.N.J. 2008).

Accordingly, Plaintiff's Motion to Strike is **DENIED**.

### C. Motion for Reimbursement

Plaintiff also seeks reimbursement for expenses and fees associated with Defendants' refusal to waive service of process. (Pl. Mot. at 13–14.) Rule 4(d) places on a defendant a "duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).[6] Once a plaintiff notifies a defendant that an action has commenced, and properly requests that the defendant waive service of summons, the defendant must waive service. *See id.* 4(d)(1)–(2). If the defendant fails to sign and return the requested waiver, without good cause, the court *must* impose on the defendant: "(A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *Id.* 4(d)(2) (emphasis added).

Here, Plaintiff asserts that the Court must impose the requisite expenses upon Defendants because Defendants refused to waive service of process. (Pl. Mot. at 13.) Here, counsel for Defendants indicate that their retention in this matter early on was in a state of flux. (ECF No. 15-2 ¶ 21.) And consequently, it appears to the Court that the email indicating a lack of authority to

---

[6] This Rule only applies to defendants subject to service under Rules 4(e), (f), or (h). *See* Fed. R. Civ. P. 4(d)(1). Both Defendants here are subject to service under Rule 4(h) because they are both "domestic . . . corporation[s]." (*See* ECF No. 1 ¶¶ 1–3.)

9

accept process is reasonable. Moreover, the Court notes that Plaintiff, a Fortune 100 company,[7] makes this *de minimis* application without providing any accounting—including the amount of the award it seeks, or any affidavits of support thereof. Absent this critical information, it is impossible for the Court to make any specific award determination. *See, e.g.*, *Mercedez-Benz. Fin. Servs. SA LLC v. Chandler*, No. 19-15716, 2020 WL 3892360, at *4 (D.N.J. July 2, 2020) (awarding fees based on plaintiff's submission of "an itemization of attorney's fees and costs"); *Fink v. Bishop*, No. 23-566, 2024 WL 3084409, at *3 (D.N.J. June 21, 2024) (awarding fees based on "documents submitted"); *Double S Truck Line, Inc. v. Frozen Food Exp.*, 171 F.R.D. 251, 254 (D. Minn. 1997) (granting motion under Rule 4(d) only after plaintiff was directed to "submit an itemized statement of the costs and fees"); *Brinks Glob. Servs. USA, Inc. v. Bonita Pearl, Inc.*, 686 F. Supp. 3d 357, 371 (S.D.N.Y. 2023) (awarding costs and fees upon plaintiff's submission).

Accordingly, the Motion for "Reimbursement of Expenses and Fees Associated with Defendants' Refusal to Waive Service" is **DENIED**.

---

[7] *FedEx (FDX): Company Profile, Stock Price, News, Rankings*, Fortune, https://fortune.com/company/fedex/.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike Defendants' Answer and Affirmative Defenses and Counterclaims, and Motion as to Reimbursement of Fees and Expenses under Rule 4 (ECF No. 11) are **DENIED.** Defendants' Cross-Motion to Vacate Default (ECF No. 15) is **GRANTED.** An appropriate Order accompanies this Memorandum Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: February 19, 2025